## AFFIDAVIT OF BEN E. BRUNER

I am Ben E. Bruner. I am an Attorney at Law, currently licensed in the State of Alabama, the Middle District of Alabama, and the United States Supreme Court among others. I have been licensed to practice law since 1984. I am writing this affidavit to respond to the petition pursuant to 28 U.S.C. Sec. 2255 by Sergio Ortiz Alcantar. I have sent the original transcripts to Mr. Alcantar and am writing this mostly from memory.

Mr. Alcantar alleges that I was ineffective in not bringing in another hispanic from the jail to cross examine a witness with since he (Alcantar) was the only one in the room obviously he would be identified by Mr. Bradley. In my opinion, the Court would not have allowed me to bring in other hispanics and conduct a lineup in the courtroom which is what apparently thinks would be appropriate. Mr. Bradley had previously given a statement that the hispanic which he had dealt with in drug transactions previously was not in the Montgomery County Jail. I cross examined him Bradley thoroughly on this issue.

Mr. Alcantar alleges that I was ineffective in not investigating his codefendant Maturano. In fact I did discuss calling Mr. Maturano with his attorney Jay Lewis after Mr. Maturano had given a proffer which seemed favorable to Mr. Alcantar. Prior to going to trial Mr. Bradley who was the only direct witness of any drug activity had made no statements which were made available to defense counsel which implicated Mr. Alcantar. Only at trial where he had previously been unable to identify Mr. Alcantar as having been in the Montgomery County Jail did Mr. Bradley implicate Mr. Alcantar. Mr. Bradley received what I felt was an unheard of deal of a 50 percent reduction in his sentence. I cross examined on that deal. I also cross examined other government witnesses (cooperating codefendants) and got at least one to admit that he was here to say whatever he needed to get his sentence reduced. At the close of the governments case I felt that it was a very weak case. They had only Mr. Bradley who had already pled guilty, had at an earlier time been unable to identify Mr. Alcantar, and who had gotten an enormous deal from the government to testify. I believed that it was a weak case and told Mr. Alcantar that. We discussed calling Mr. Maturano but did not because I felt that since Maturano now had a plea agreement and if (as would be explained to him by counsel) Alcantar lost the trial Maturano would lose his deal plus be subject to obstruction of justice, he might not be as

likely to give exonerating testimony. I, with Mr. Alcantar's approval did not seek to call Maturano.

I did not call Maturano at the sentencing either because Maturano had given a statement which was detrimental not only to my client's sentencing, but to his (Maturano's on. The same weight of drugs applied to Alcantar would be applied to Maturano. Calling Maturano for assistance at that time seemed to be of no use as he was the person putting the weight on not only my client but himself. The probation office would put the same weight on both pursuant to relevant conduct.

Alcantar argues that I didn't discuss plea options with him. I did in fact go over what he was looking at with the sentencing guidelines with a translator present and discussed what he would get if he pled guilty with and without a plea. I did this because of the huge penalty he was facing however he never once admitted he was guilty to me. I told him that he could not tell me that he wasn't guilty and enter a plea of guilty, that the judge would not accept it if he told the judge he just wanted to plead but he wasn't guilty.

Finally Alcantar argues that he was entitled to a role reduction. Considering that the testimony that convicted him was that he was "the main man" in the drug transactions and that he was physically carrying and distributing the drugs a role reduction motion would have been frivolous.

_____
Ben E. Bruner

SWORN TO AND SUBSCRIBED BEFORE ME on this  17th  day of  April,  2006 at Montgomery, Alabama, witness my hand and official seal of office.

_____
Notary Public

My Commission Expires  9-20-06