IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 2:06cv245-WHA-SRW |
| SERGIO ORTIZ ALCANTAR | ) | (2:03cr231-003) |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Sergio Ortiz-Alcantar's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On October 29, 2003, a grand jury for the Middle District of Alabama returned a three-count indictment against Sergio Ortiz-Alcantar ("Ortiz-Alcantar") and co-defendants Anibal Guiterrez, Willie Petry Theriot, Gelacio Maturano-Rodriguez, and Michael R. Marks. See Exhibit A, the indictment. Count 1 of the indictment charged that, from an unknown date and continuing to around October, 2003, the exact dates being unknown to the grand jury, in Montgomery County, within the Middle District of Alabama, the defendants knowingly and willfully combined, conspired, confederated, and agreed together and with persons both known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Count 2 of the indictment

charged that, on or about October 8, 2003, in Montgomery County, within the Middle District of Alabama, Ortiz-Alcantar, Theriot, Gutierrez, and Maturano-Rodriguez knowingly and intentionally distributed and possessed with intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). Count 3 of the indictment related solely to Marks' conduct on October 8, 2003.

On January 21, 2004, a grand jury for the Middle District of Alabama returned a three-count superseding indictment against the defendants. See Exhibit B, the superseding indictment. Although this indictment contained the same allegations against each defendant, it increased the amount of methamphetamine in Counts 1 and 2 to "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine . . . ." Exhibit B at 1-2.

Ortiz-Alcantar proceeded to trial on April 5, 2004, where he was represented by Attorney Ben E. Bruner. At the close of the United States' evidence, the defense moved for judgment of acquittal as to each count against Ortiz-Alcantar. (R3:179-80.) The District Court denied the motion, stating that the United States had presented evidence sufficient to sustain convictions against Ortiz-Alcantar. (R3:180.) On April 7, 2004, the jury found him guilty as charged in the superseding indictment. See Exhibit C, a copy of the verdict form. The verdict form indicates that the jury specifically found that the relevant amount of methamphetamine was 500 grams or more. Exhibit C at 1.

Ortiz-Alcantar was sentenced on June 23, 2004. See Exhibit D, a transcript of the sentencing proceedings. After hearing testimony at sentencing regarding the amount of methamphetamine attributable to Ortiz-Alcantar, this Court stated that a preponderance of the evidence established that Ortiz-Alcantar was part of a conspiracy" to send methamphetamine to

2

Alabama, and that reliable and credible testimony established 1700.2 grams as the relevant amount of methamphetamine. Exhibit D at 14-15. This Court then found that Ortiz-Alcantar's offense level was 34 and his criminal history category was I, resulting in a relevant guideline range of 151 to 188 months. Id. at 15. It then sentenced Ortiz-Alcantar to 188 months on each count, with each term to be served concurrently. Id. at 17. Judgment was entered in Ortiz-Alcantar's case on June 23, 2004.

Ortiz-Alcantar appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. On June 10, 2005, the Eleventh Circuit affirmed this Court's judgment in an unpublished decision. See Exhibit E, a copy of the Eleventh Circuit decision in this case. The opinion specifically found that sufficient evidence was presented for his conviction. Exhibit E at 2.

Ortiz-Alcantar petitioned the United States Supreme Court for a writ of certiorari. His petition was denied on October 11, 2005. Alcantar v. United States, 126 U.S. 470 (2005).

Ortiz-Alcantar filed this Motion to Vacate, Set Aside or Correct Sentence on March 10, 2006. On March 28, 2006, this Court entered an order directing the United States to respond within thirty days. The United States now files this response to the § 2255 motion.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the United States can discern, Ortiz-Alcantar raises the following issues in his § 2255 motion:

1.  Counsel provided ineffective assistance at trial due to his failure to conduct a reasonable investigation regarding co-defendant Gelacio Maturano-Rodriguez, or to call Maturano-Rodriguez as a defense witness;

2.     Counsel provided ineffective assistance due to his failure to adequately inform Ortiz-Alcantar of all possible plea options and the possibility of a more favorable sentence;

3.     Counsel provided ineffective assistance at sentencing due to his failure to argue that Ortiz-Alcantar should have been sentenced as a minor participant in the conspiracy; and,

4.     Counsel provided ineffective assistance at sentencing due to his failure to successfully rebut evidence that the drug quantity attributed to Ortiz-Alcantar was too high.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.**    **Ortiz-Alcantar Has Met The One-Year Statute Of Limitations Deadline For The Filing of Claims Under 28 U.S.C. § 2255**.

The United States notes at the outset that Ortiz-Alcantar has filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time within which to file a motion under the rule. The applicable provision in this case requires that a movant file his § 2255 motion within one year from "the date on which the judgment of conviction became final."

The Eleventh Circuit Court of Appeals has held that "a conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits." Barnes v. United States, 437 F.3d 1074, 1077 (11th Cir. 2006), quoting Jones v. United States, 304 F.3d 1035, 1038 n.5 (11th Cir. 2002). The Supreme Court denied Ortiz-Alcantar's petition for a writ of certiorari on October 11, 2005 and his conviction became final on that date. His filing of this § 2255 motion on March 10, 2006 is within one year of October 11, 2005, and his motion is therefore timely.

**B.**    **Ortiz-Alcantar's Ineffective Assistance of Counsel Claims Should Be Rejected Because They Are Without Any Merit.**

Ortiz-Alcantar asserts that his counsel was ineffective on the following grounds: (1)

counsel provided ineffective assistance at trial due to his failure to conduct a reasonable investigation regarding co-defendant Gelacio Maturano-Rodriguez, or to Maturano-Rodriguez as a defense witness; (2) counsel provided ineffective assistance due to his failure to adequately inform Ortiz-Alcantar of all possible plea options and the possibility of a more favorable sentence; (3) counsel provided ineffective assistance at sentencing due to his failure to argue that Ortiz-Alcantar should have been sentenced as a minor participant in the conspiracy; and, (4) counsel provided ineffective assistance at sentencing due to his failure to successfully rebut evidence that the drug quantity attributed to Ortiz-Alcantar was too high.

    To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 694 (1984); see also Bell v. Cone, 535 U.S. 685, 697-98 (2002) (reaffirming the Strickland v. Washington standard for reviewing ineffective assistance of counsel claims); Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (applying two-part test of Strickland v. Washington). More specifically, Ortiz-Alcantar must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different. Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990).

    In analyzing counsel's performance under the performance prong of Strickland, this Court must presume that the conduct of counsel was reasonable, Yordan v. Dugger, 909 F.2d at 477. A "[d]efendant must prove deficient performance by a preponderance of competent evidence, and

the standard is 'reasonableness under prevailing professional norms.'" Gallo-Chamorro v. United States, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted). The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
>> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high,"noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." Bottoson v. Moore,

234 F.3d 526, 532 (11th Cir. 2000); accord, Robinson v. Moore, 300 F.3d at 1343. In raising ineffective assistance of counsel, Ortiz-Alcantar has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

>  **1.    Ortiz-Alcantar cannot establish that he was prejudiced by trial counsel's actions regarding an investigation of co-defendant Gelacio Maturano-Rodriguez, or by counsel's decision not to call Maturano-Rodriguez as a witness for his defense.**

Ortiz-Alcantar sets forth a two-pronged claim regarding his counsel's representation regarding co-defendant Gelacio Maturano-Rodriguez. He first asserts that he was prejudiced by his counsel's failure to investigate Maturano-Rodriguez, and second, Maturano-Rodriguez should have been called as a witness on his behalf at trial. Ortiz-Alcantar describes Maturano-Rodriguez as an important defense witness who, but for counsel's ineffectiveness, could have countered testimony about Ortiz-Alcantar's presence at earlier drug transactions which took place during the conspiracy charged in the superseding indictment. Maturano-Rodriguez pleaded guilty to Count 1 of the superseding indictment on March 5, 2004, one month prior to Ortiz-Alcantar's trial. See Exhibit F, Maturano-Rodriguez's Plea Agreement. The plea agreement required Maturano-Rodriguez to cooperate fully with the United States by providing truthful information on all matters related to the offense, or face prosecution for perjury, false statements, and/or obstruction. Exhibit F at 5-7.

Ortiz-Alcantar attached as Exhibit D to his memorandum of law an affidavit purportedly submitted by Maturano-Rodriguez, who drove with Ortiz-Alcantar from Arizona to Alabama. The affidavit avers that Ortiz-Alcantar did not knowingly transport methamphetamine to

Montgomery, Alabama. Scott Edwards, a Montgomery, Alabama police officer who participated in the arrest of Ortiz-Alcantar and Maturano-Rodriguez, testified at sentencing that Maturano-Rodriguez told him that he drove from Arizona to Alabama with Ortiz-Alcantar on two occasions to deliver specified quantities of methamphetamine to co-defendant Anibal Gutierrez. Exhibit D at 4-7. 's This Court found that Maturano-Rodriguez's statement to Edwards was credible, as it came from the "person who had just been picked up for this offense along with [Ortiz-Alcantar]." Id. at 14.

    The affidavit submitted by Ortiz-Alcantar's attorney, Ben E. Bruner, shows that his actions regarding testimony by Maturano-Rodriguez were appropriate. See Exhibit G, Affidavit of Ben E. Bruner. Bruner avers that, although Maturano-Rodriguez's original account of events may have been favorable to Ortiz-Alcantar, his subsequent plea agreement produced a version of events which was damaging to both men's interests. Exhibit G at 1-2. Bruner noted that this turn of events resulted in the mutual decision by himself and Ortiz-Alcantar not to call Maturano-Rodriguez as a witness, as making any statements favorable to Ortiz-Alcantar would destroy Maturano-Rodriguez's own plea agreement. Id. Bruner specifically avers that Ortiz-Alcantar approved of this decision. Id. at 2. Thus, not only did Bruner perform reasonably, he did so with the specific approval of Ortiz-Alcantar regarding this issue.

    Ortiz-Alcantar fails to meet his burden that Maturano-Rodriguez's testimony, or any further investigation, would have changed the outcome of his case. Specifically, as noted by the Eleventh Circuit, testimony at trial established that Ortiz-Alcantar (1) was present at the hotel room rented by co-defendant Anibal Gutierrez to facilitate the drug transactions; (2) examined the truck in the hotel parking lot at a point in time where over 850 grams of methamphetamine

8

was secreted in that very area of the vehicle; (3) held a substantial amount of methamphetamine on two occasions, for which he and Frank Lara were paid approximately $15,200; and, (4) made two-pound deliveries of methamphetamine to Montgomery every two weeks. See Exhibit E at 2. Ortiz-Alcantar has not shown that the testimony of Maturano-Rodriguez, even if it were to mirror that of his subsequent affidavit, would have overcome the other evidence presented at trial, thus resulting in his acquittal. Therefore, Ortiz-Alcantar has failed to demonstrate the necessary prejudice required under Strickland, and this claim should be dismissed.

**2.     Counsel adequately informed Ortiz-Alcantar of all possible plea options.**

Ortiz-Alcantar asserts that counsel was ineffective because he failed to adequately inform him of all possible plea options, and the more favorable sentence that could have resulted from a guilty plea. Bruner's affidavit rebuts this claim by averring that he did review the applicable sentencing guidelines imprisonment range with Ortiz-Alcantar through an interpreter. Exhibit G at 2. Bruner's affidavit also explains that he discussed how a guilty plea would affect his sentencing range, but that he also informed Ortiz-Alcantar, who had not admitted guilt, that he could not enter a guilty plea if he continued to maintain the position that he was not, in fact, guilty.

Further, Ortiz-Alcantar cannot demonstrate that he was prejudiced by any alleged failure of Bruner to inform him of his guilty plea options, assuming Bruner did fail in that regard. Ortiz-Alcantar has not shown that, after being informed of plea options, he would have chosen not to go to trial. Although in hindsight a post-guilty plea sentence turns out to be more favorable than the sentence imposed after a jury convicted him, it is impossible at this point to prove that at the time the decision was made to go to trial, Ortiz-Alcantar would have made that choice. In fact,

had Ortiz-Alcantar been acquitted - as he claims he should have been - he would not be facing prison time at all. This is a gamble that each criminal defendant makes when he places his fate in the hands of a jury. Ortiz-Alcantar's situation is not different than any other criminal defendant convicted by a jury. The mere suggestion that Ortiz-Alcantar now wants the benefit of a bargain he passed up may show he was prejudiced by his own choice to proceed to trial, but is woefully short of proving that Bruner's actions prejudiced him. Thus, Ortiz-Alcantar has also failed to meet his burden of proving that, even if Bruner had inadequately advised him of his options, that the outcome would have been different. Because Ortiz-Alcantar has not demonstrated Bruner's inadequate performance, this claim of ineffective assistance should be dismissed.

    **3.    Counsel was not ineffective at sentencing, as there was no evidence to support a finding that Ortiz-Alcantar should have been sentenced as a minor participant in the conspiracy.**

Ortiz-Alcantar asserts that his counsel was ineffective at sentencing because he failed to seek a minor-role adjustment under U.S.S.G. § 3B1.2, on the grounds that Ortiz-Alcantar was a "mere courier" of methamphetamine who was less culpable than an average participant. Defendant's Memorandum at 15. The sentencing guidelines define a less culpable participant as one "whose role in that [drug trafficking] offense was limited to transporting or storing drugs . . . ." U.S.S.G. § 3B1.2, cmt. n.3(A) (2003). A "minor participant" is defined as one who is described in Application Note 3(A), but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmt. n.5 (2003). A "minimal participant" lacks "knowledge or understanding of the scope and structure of the enterprise and of the activities of others . . . ." U.S.S.G. § 3B1.2, cmt. n.4 (2003).

The facts presented at trial showed that Ortiz-Alcantar was indeed a drug courier, but not

merely so. Testimony shows that he repeatedly drove from Arizona with Frank Lara to deliver methamphetamine to Alabama. See Trial Transcript, Vol. III at 126-27; 132. His presence during drug transactions between Frank Lara and Sidney Bradley belie the claim that he was a mere courier. See Trial Transcript, Vol. III at 120, 124-25. Ortiz-Alcantar was aware of the "scope and structure" of Frank Lara's drug enterprise, as well as the means and schedule of Lara distribution of methamphetamine in Alabama. As discussed above in Part III.B.1., Ortiz-Alcantar was on his second trip with Maturano-Rodriguez to deliver methamphetamine to co-defendant Anibal Gutierrez. Exhibit D at 4-7. These actions remove him from any consideration as a minor participant who was a mere courier. He participated in drug transactions and understood the scope and structure of the drug conspiracy for which he was convicted.

Counsel was not ineffective for deciding not to seek a minor role reduction. Bruner's affidavit notes that such a claim would have been frivolous. Exhibit G at 2. Ortiz-Alcantar has offered no proof that, had Bruner sought a minor role reduction, such a request would have been granted at sentencing. Given the evidence presented against Ortiz-Alcantar, the issue had no merit in this case, and counsel cannot be ineffective for failing to raise a merit less point. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

> 4. **Counsel was not ineffective at sentencing due to his failure to investigate, or to call Maturano-Rodriguez as a witness regarding the drug quantity attributable to Ortiz-Alcantar.**

Ortiz-Alcantar asserts that his counsel was ineffective at sentencing because he did not investigate the statements attributed to Maturano-Rodriguez by Officer Scott Edwards at sentencing, or call Maturano-Rodriguez to refute the drug quantity attributed to him as a result of Edwards' testimony. He asserts that, "[h]ad counsel investigated the facts already within his

knowledge, he likely would have discovered much of the mitigating evidence that has now been revealed." Defendant's Memorandum at 19. Ortiz-Alcantar cites to his Exhibit D, the affidavit by Maturano-Rodriguez, as authority for reducing the drug quantity of 1700.2 grams of methamphetamine calculated by this Court during sentencing. Id.; see also Exhibit D at 14-15.

As discussed in counsel's affidavit, Bruner did investigate Maturano-Rodriguez's statements regarding drug quantity. However, Maturano-Rodriguez's cooperation agreement with the United States removed him from the universe of witnesses who would be helpful to Ortiz-Alcantar. Exhibit G at 2. Maturano-Rodriguez had implicated not only Ortiz-Alcantar, but himself, and counsel reasonably determined that additional statements from him regarding drug quantity would subject Ortiz-Alcantar to a greater sentence based on relevant conduct that would be attributable to him.

Ortiz-Alcantar has not demonstrated that additional investigation of Maturano-Rodriguez, or calling him to testify at sentencing, would have resulted in a lower drug quantity calculation, and consequently, a lower sentence. Therefore, he has not shown that counsel's performance was inadequate, or that he was prejudiced in sentencing. Accordingly, this final issue of ineffective assistance should be dismissed.

Ortiz-Alcantar has failed to show in any of his ineffective assistance allegations that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his proceeding would have been different. Yordan v. Dugger, 909 F.2d at 477. Therefore, these claims should be dismissed.

### IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Ortiz-Alcantar has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Ortiz-Alcantar has made any arguments not addressed in this response, the United States would request the opportunity to further respond to those arguments.

### V.  CONCLUSION

For the above reasons, Defendant/Movant Sergio Ortiz-Alcantar has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be denied without an evidentiary hearing.

Respectfully submitted this 27th day of April, 2006.

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 2:06cv245-MHA-SRW |
| SERGIO ORTIZ ALCANTAR | ) | (2:03cr231-003) |
| | ) | |
| Defendant/Movant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Sergio Ortiz-Alcantar, #11301-002, CI Taft, Correctional Institution, P.O. Box 7001/A3A, Taft, CA 93268.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov