Westlaw.

134 Fed.Appx. 401
134 Fed.Appx. 401
(Cite as: 134 Fed.Appx. 401)

Page 1

**H**

**Briefs and Other Related Documents**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Eleventh Circuit Rule 36-2. (FIND CTA11 Rule 36-2.)

United States Court of Appeals,
Eleventh Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio Ortiz ALCANTAR, Defendant-Appellant.
No. 04-13399.
Non-Argument Calendar
D.C. Docket No. 03-00231-CR-A-N.

June 10, 2005.

**Background:** Defendant was convicted following a jury trial in the United States District Court for the Middle District of Alabama of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute such quantity of methamphetamine, and sentenced to 188 months' imprisonment, and he appealed.

**Holdings:** The Court of Appeals held that:
(1) evidence was sufficient to support convictions, and
(2) sentencing under mandatory guidelines based on court's finding as to amount of drugs involved was not plain error affecting defendant's substantial rights.
Affirmed.

Tjoflat, Circuit Judge, filed opinion concurring specially.

West Headnotes

[1] Conspiracy 47(12)
91k47(12)

[1] Controlled Substances 81
96Hk81
Evidence was sufficient to support defendant's convictions for conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of methamphetamine; defendant was passenger in truck carrying drugs and under dominion of codefendant when truck was stopped by law enforcement officers, he was in hotel room co-conspirator rented to facilitate drug transactions, and examined truck in hotel parking lot while truck contained over 850 grams of methamphetamine, and he held a substantial amount of methamphetamine during two transactions for which he and co-conspirator received $15,200. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a)(1), 406, 21 U.S.C.A. §§ 841(a)(1), 846.

[2] Criminal Law 1042
110k1042

[2] Jury 34(1)
230k34(1)
Nothing court said at sentencing hearing permitted inference that court would probably have given defendant significantly lower sentence under advisory guidelines, and thus defendant's sentencing to 188 months imprisonment for conspiracy to possess with intent to distribute and possession with intent to distribute 500 grams or more of methamphetamine under mandatory rather than advisory sentencing guidelines, based on court's finding as to amount of drugs involved in offenses, was not plain error affecting defendant's substantial rights. U.S.C.A. Const.Amend. 6; U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.

*402 Todd A. Brown, Montgomery, AL, for Plaintiff-Appellee.

Ben Elton Bruner, Montgomery, AL, for Defendant-Appellant.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

134 Fed.Appx. 401
134 Fed.Appx. 401
**(Cite as: 134 Fed.Appx. 401)**

Page 2

Appeal from the United States District Court for the Middle District of Alabama.

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM.

Appellant was convicted in the district court on one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and on one count of possession with intent to distribute such quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was sentenced to terms of imprisonment totaling 188 months. He now appeals his convictions and sentences.

[1] Appellant challenges his convictions on the ground that the evidence the Government presented to the jury was insufficient to make out the charged offenses.*403 [FN1] He says that the Government's case consisted merely of (1) the testimony of a drug dealer, who said that he overheard a co-conspirator tell a third party that appellant would be bringing drugs into the area and had seen appellant assist the same co-conspirator in a prior drug deal, and (2) the circumstance that he was a passenger in the truck carrying the drugs, a truck that was under the dominion and control of a codefendant, when the truck was stopped by law enforcement officers. This, however, is not all the jury learned. What it learned in addition to this was

> FN1. At the conclusion of the prosecution's case, appellant moved the court for a judgment of acquittal. The court denied the motion. Appellant rested without putting on any evidence.

-- that appellant was at the hotel room Gutierrez rented to facilitate the scheduled drug transactions and examined the truck in the hotel's parking lot at a moment when the truck contained over 850 grams of methamphetamine;

-- that he held a substantial amount of methamphetamine during two transactions, for which he and Lara received some $15,200; and

-- that, according to Bradley, he made two-pound deliveries of the drug to Montgomery every two weeks.

The Government's case was solid and is unassailable here.

[2] Appellant challenges his sentences on the ground that half of the 1700 grams of methamphetamine for which the court held him accountable, and triggered the Guidelines sentence range and effectively his sentences, was found by the court and not on the basis of his own admission or a jury verdict as required by the Sixth Amendment. [FN2] Citing *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), he asks that we vacate his sentences and remand the case for resentencing.

> FN2. Appellant admitted involvement with the 850 grams of methamphetamine found in the truck at the hotel parking lot.

After the parties briefed this appeal, the Supreme Court decided *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which applied the *Blakely* rationale to the federal guidelines sentencing system. Because appellant did not present his Sixth Amendment objection to the district court prior to the imposition of sentence and judgment of conviction, however, we will not disturb his sentences unless we find that they are the product of plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Rodriguez,* 398 F.3d 1291 (11th Cir.2005), *rehearing en banc denied,* 406 F.3d 1261 (11th Cir.2005).

To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial. *United States v. Olano,* 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Concerning the third prong, in most cases the error will be prejudicial if it "affected the outcome of the district court proceedings." *Id.* at 734, 113 S.Ct. at 1778. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736, 113 S.Ct. at 1779 (internal quotations and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

134 Fed.Appx. 401
134 Fed.Appx. 401
**(Cite as: 134 Fed.Appx. 401)**

Page 3

citation omitted).

*Rodriguez* dictates our application of the plain error test in this case. Following *Rodriguez,* we conclude that error (the enhancement of appellant's offense level **\*404** based on facts he neither admitted nor the jury found) occurred, *Rodriguez,* 398 F.3d at 1299, and that it was plain. *Id.* The question thus becomes whether the third prong of the plain error test has been met in this case, i.e., whether the error affected appellant's substantial rights.

The defendant has the burden of showing such prejudice--that the error affected his substantial rights. *Id.* at 1299.

> [T]he ... defendant [must] show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.
> *Id.* at 1300.

Appellant has failed to carry this burden. Under *Booker,* although the Guidelines are no longer mandatory (but only advisory), the district court must nonetheless consult them in fashioning a sentence. *See* 18 U.S.C. § 3553(c). After doing so, the court looks to the sentencing factors set out in 18 U.S.C. § 3553(a), *id.* at 1301, and determines the sentence to impose. At the sentencing hearing in this case, nothing the court said would permit the inference that it would probably have given appellant significantly lesser sentences had it treated the Guidelines as advisory rather than mandatory. Appellant has therefore failed to establish the third prong of plain error review, and his sentence is due to be affirmed.

AFFIRMED.

TJOFLAT, Circuit Judge, concurring specially.

As I explain in my dissent to the court's refusal to rehear *Rodriguez* en banc, the error in a case such as this--where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury--is structural error, and the third prong of the plain-error test is, therefore, inapplicable. *See United States v. Rodriguez,* 406 F.3d 1261 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings," *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993), and in this case, it does. I concur in the court's judgment because we are *Rodriguez* bound.

134 Fed.Appx. 401

**Briefs and Other Related Documents (Back to top)**

• 2004 WL 3541451 (Appellate Brief) Brief of Appellee (Oct. 29, 2004)

• 2004 WL 3541452 (Appellate Brief) Brief of Appellant (Sep. 27, 2004)

• 04-13399 (Docket)
(Jul. 09, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.