Sergio Ortiz Alcantara
Reg. 11302-002
P.O. Box 7001/A3A
Taft, California 93268

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SERGIO ORTIZ ALCANTARA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | CIVIL ACTION NO. 2:06cv245-WHA<br>(WO) |

### OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

NOW COMES the petitioner, Sergio Ortiz Alcantara, and pursuant to Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1), respectfully submits the following objections to the Magistrate's Report and Recommendation on the Petitioner's habeas corpus motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**A.  Ineffective Assistance Claims**

   **1.  Failure to Conduct Reasonable Investigation of Gelacio Maturano-Rodriguez and to Call Maturano-Rodriguez as Defense Witness During Trial**

The petitioner objects to the Magistrate Judge's conclusion that "[C]ounsel had reason to believe that Maturano-Rodriguez would not provide testimony helpful to petitioner. Petitioner points to no facts reasonably available to counsel at the time of trial that might have suggested that further investigation of Maturano-

Rodriguez would have proved beneficial to petitioner's defense or that Maturano-Rodriguez would indeed have provided testimony helpful to petitioner. [R & R at 9-10] Petitioner disagrees with the Magistrate Judge's conclusion regarding trial counsel's decision not to interview and call Maturano-Rodriguez as a witness at trial. To the contrary, counsel knew or would have known of the existence of the witness—counsel attested to this fact in his affidavit as submitted by the government in its response.

By analogy, defense counsel's theory of the case—that petitioner was misidentified by Sidney Bradley, [Bruner's Affidavit at 1], would have been aided rather than impeded by the introduction of Maturano-Rodriguez' testimony undermining the veracity of the government's witness. Bringing Maturano-Rodriguez testimony to the jury attention would not introduce any inconsistency into the defense theory of the case, particularly so since defense counsel suggested that petitioner was not at the drug transactions at all as testified by Bradley. By the same account, the witness was willing to testify for the defense—the evidence supports the conclusion that this particular witness was willing to testify at trial.

In here, counsel's decision not to call exculpatory eyewitness [Maturano-Rodriguez] in petitioner's defense—if it was a decision at all—was necessarily one made after an incomplete investigation, for Bruner never spoke with Maturano-Rodriguez to find out what he had to say. Given the circumstances confronting counsel, it was not reasonable to him to believe that it was unnecessary to identify and interview potentially exculpatory available witness to the event underlying the charges against petitioner. See **Satterfield v. Hohnson**, 322 F.Supp.2d 613, 623 (E.D. Pa. 2004)(The failure to interview Eric Freeman and Grady Freeman and call them as witnesses at trial fell below an objective standard of reasonableness).

Furthermore, eyewitness [Bradley] testimony was the linchpin of the Government's case against petitioner. There was no physical evidence tying

2

petitioner to the network methamphetamine conspiracy. The only evidence implicating petitioner to the prior transactions—beyond petitioner's presence at the motel room in October 2003—came from the one prosecution witness (Bradley who testified for a reduction of his sentence), who identified petitioner as the supplier with Lara in two prior occasions. [R & R at 10] Under these circumstances, the first and most obvious line of attack on the prosecution's case was to emphasize the vulnerabilities in the identification testimony; and this Bruner did with vigor.

But whatever the weaknesses in the Government's case that Bruner succeeded in exposing in this fashion, his defense of petitioner did not elicit any testimony that petitioner was **not** among the group of individuals who had sold drugs to Bradley. The omission of such exculpartory evidence cannot be discounted. Opposing testimony from other Bradley's co-defendant to the conspiracy, positing that petitioner was not a participant, would have given the jury a qualitatively different and more powerful reason to believe that the Government's witness was mistaken in his identification of petitioner. For that very reason, the Fifth Circuit has recognized that "[t]he failure to interview eyewitnesses to a crime may strongly support a claim of ineffective assistance of counsel." **Bryant v. Scott**, 28 F.3d 1411, 1415 (5th Cir. 1994)(citing **Gray v. Lucas**, 677 F.2d 1086, 1093 n. 5 (5th Cir. 1982).

Contrary to the Magistrate Judge's R & R, trial counsel's performance in failing to interview and call an available witness to testify at petitioner's trial fell below objective standard of reasonableness and petitioner has met his burden under the first prong of **Strickland**. The failure to interview Maturano-Rodriguez and call him as a witness at trial fell below an objective standard of reasonableness; witness existed, was available to testify, counsel knew witness existed, and witness was willing to testify for the defense.

By the same account, petititoner was prejudiced by counsel's deficient

performance. Maturano-Rodriguez had provided a sworn affidavit stated that "it was him and not petitioner who sold drugs to Bradley in two prior occasions and that petitioner has not any involvement with the conspiracy." As described above, the proffered statements in Maturano-Rodriguez' affidavit was consitent and corroborated even with Bradley's testimony during trial. Further, his testimony would have supported counsel's trial theory that petitioner did not commit the crime as charged by the government.

For all of these reasons and evidence presented during petitioner's § 2255 habeas petition, petitioner was prejudiced by his attorney's failure to look for and interview exculpatory an available witness. A diligent attorney would have made the effort to locate such witness and, upon learning what he had to say, surely would have put him on the witness stand to testify on petitioner's behalf. Although we cannot say with confidence that it is more likely than not that petitioner would have bee acquitted had such witness been presented, his chances of acquittal with the support of this available witness (Maturano-Rodriguez) certainly would have been better than negligible. The Government's case, although more than sufficient to convict petitioner, was not so overwhelming that the outcome of the trial was a foregone conclusion. See **U.S. ex rel. Hampton v. Leibach**, 347 F.3d 219, 255 (7th Cir. 2003). As such, this Court is respectfully to reject the Magistrate Judge's recommendation.

### 2. Failure to Adequately Inform of Possible Plea Options

The petitioner objects to the Magistrate Judge's determination that "[W]eighing the bare allegations in petitioner's § 2255 motion against the sworn testimony of counsel, the court finds that counsel adequately advised petitioner of his plea options." [R & R at 12] More specifically, petitioner submits that his claim is that trial counsel failed adequately to inform him regarding the law applicable to the case upon pleaded guilty "straight up" in light of the facts

known at the time, including the conspiracy law, and that counsel's failure to advise him of the applicable rules of meant that his decision to enter into an open plea accepting responsibility of both counts of the indictment was not adequately informed. See **United States v. Hernandez**, 450 F.Supp.2d 950, 975-76 (N.D. Iowa 2006)(counsel is "deficient" for purposes of an "ineffective assistance" claim if counsel does not adequately advised the defendant of the law applicable to his circumstances, including plea and trial alternatives).

Petitioner submits that, contrary to the Magistrate Judge's conclusion, providing only such "generalities" as proffered by counsel in his affidavit does not approach the level of sophistication that could reasonably be expected of counsel in applying the United States Sentencing Guidelines to the circumstances of a particular defendant. Id. at 976 (the failure to an attorney to inform his client of the relevant law clearly satisfied the first prong of the **Strickland** analysis ... as such an omission cannot be said to fall within 'the wide range of professionally competent assistance demanded by the Sixth Amendment.' ")(quoting **Hill**, 474 U.S. at 62)).

Moreover, the fact that petitioner had never once admitted he was guilty to counsel, [Bruner Affidavit, Doc. No. "5-8"/Government Exhibit G. at 2], is irrelevant, where petitioner was not properly advised of the consequences of going to trial versus pleading guilty. **Hernandez**, 450 F.Supp.2d at 976. Thus, counse'ls performance in this case was "deficient," and petitioner has satisfied the first prong of the "ineffective assistance" analysis. Firts, it is a simple matter to conclude that petitioner has shown that he would have received a "lesser sentence" if properly advised and if he had chosen to plead guilty instead of choosing to go to trial. Id. (to prove "prejudice," the defendant must prove, inter alia, that he would have received a lesser sentence).

Indeed, at a minimum petitioner would have received a reduction for

5

"acceptance of responsibility." Also, he may be argued during sentencing that a minor role adjustment should be applied to his case as he was merely accompaning Maturano-Rodriguez. Thus, the reduction of his offense level from 34 to 29 based on these adjustment would have resulted in a Sentencing Guidelines range for criminal category I, under the Guidelines in effect at the time, of 87-108 months of imprisonment, which is considerably less than the 188 months of imprisonment actually imposed. Id. at 966.

Indeed, had petitioner been properly advised of the possible potential downward departures if he have entered into an open plea ("straight up"), he "probably" would have accepted that option, because such five-level potential reduction over the 188-month sentence he was otherwise expecting would have been he best option to resolve his criminal case and entitled him to a more favorable sentence. See **Unite States v. Booth**, 432 F.3d 542, 549 (3rd Cir. 2005)(citation omitted). Thus, petitioner has proved both "deficient performance" and "prejudice" on this claim of ineffective assistance of counsel, and contrary to the Magistrate Judge's R & R he is, thereofre, entitled to some relief on this claim as well.

### 3. Failure to Seek Minor-Role Adjustment

Petitioner objects to the Magistrate Judge's conclusion that "[t]he evidence tended to show that petitioner was a significant participant in the enterprise, who understood its scope and structure as any member of the conspiracy." [R & R at 17] This conclusion is rebutted by the evidence presented during trial. Bearing these facts in mind, it was reasonable for a diligent competent attorney to attempt, in first instance, to investigate the entire matter to the Maturano-Rodriguez in the hopes of obtaining truthful testimony as was bargained with the government without fear of repercussion from the government as stipulated in his plea agreement.

Thus, counsel's failure to investigate, prepare, and present mitigating evidence at sentencing—even with an anticipate knowledge—not only demonstrated deficient performance but also clearly caused prejudice, denying petitioner, to have a shortened sentence. See **United States v. Harfst**, 168 F.3d 398, 404 (11th Cir. 1999). There was evidence that petitioner was mere courier in large enterprise [Gov't. br. at 10], and if counsel made argument trial court may have granted departure and shortened sentence. See id. at 404.

Contrary to the Magistrate Judge's conclusion, counsel's unprofessional performance denied the district court the opportunity to focus in the particular circumstances of petitioner's case. It is possible that petitioner would have received a lesser sentence had his counsel performed competently. Counsel's complete failure to investigate a prospective witness—Maturano-Rodriguez—to present any argument or evidence that might have persuaded the judge to temper the severity of his sentence is sufficient to undermine the confidence of the outcome. **Strickland**, 466 U.S. at 687-88; **Harfst**, 168 F.3d at 404. The Magistrate Judge's in its R & R has simply failed to provide sufficient credible evidence to overcome that presumption.

**4.  Failure to Use Maturano-Rodriguez as Defense Witness at Sentencing**

In his Report and Recommendation, the Magistrate Judge stated that "[C]ertainly there is no indication that Maturano-Rodriguez, prior to petitioner's sentencing, ever evidenced a willingness to provide testimony that corresponded to his subsequent statements in his affidavit regarding the quantity of methamphetamine transported to Montgomery in the October 2003 trip from Arizona." [R & R at 19] This conclusion is incorrect for several reasons. At the time of sentencing, Maturano-Rodriguez was available but counsel even intended to interview him to be called as a witness. Counsel could not have

7

evaluated or weighted the risks and benefits of calling Maturano-Rodriguez as a defense witness without so much as asking Maturano-Rodriguez what he would have say if called. Without having any contact with Maturano-Rodriguez, counsel was ill equipped to assess [his] credibility or persuasiveness as a witness," or to evaluate and weigh the risks and benefits of putting him on the stand. **Bryant v. Scott**, 28 F.3d 1411, 1419 (5th Cir. 1994)(citing **Henderson v. Sargent**, 926 F.2d 706, 711 (8th Cir. 1991)); **Wiggins**, 539 U.S. at 527-28.

Indeed, it was objectively unreasonable for counsel to make a decision not to interview a potential witness without first investigating Maturano-Rodriguez, or at least making a reasoned professional judgment that such investigation was unnecessary. See id. ("Although factors tending to diminish [the witness] credibility might support a strategic decision not to call [him] at trial, those considerations do not suggest that [counsel's] failure to investigate [his] testimony was a strategic decision."); id. at 527-28.

With regard of **Strickland's** prejudice prong, the record contains ample evidence indicating that but for counsel's ineffectiveness, there is a reasonable probability that petitioner's sentence wpuld have been lesser. Maturano-Rodriguez has consistently maintained to the police and to others that petitioner was not involved in the previous transactions as testified by Bradley [willigness prong to testify on petitioner's behalf], that the amount of drugs that he transported on October 17, 2003, were less as testified by Detective Edwards, and that he [Maturano-Rodriguez] had been willing to testify to that effect at petitioner's trial and sentencing. [See generally Maturano-Rodriguez's Affidavit]

Had counsel interviewed Maturano-Rodriguez, he would have discovered as much and probably would have put him on the stand. In short, there is a reasonable probability that had the judge at sentencing heard Maturano-Rodriguez's testimony, it would have reduced his sentence. However, petitioner's counsel did

8

not even intend to contact Maturano-Rodriguez as petitioner clearly stated to do so before trial and sentencing. Failure to do so substantially prejudiced petitioner because no witness was called during his criminal proceeding.

## CONCLUSION

Based on the objections set forth herein, as well as the aerguments and authorities presented in the petitioner's prior fillings with this Court, the petitioner respectfully requests that this Honorable Court to reject the Magistrate's Report and Recommendation, grant the petitioner an evidentiary hearing in the motion, (if this Court deems one necessary), and grant the petitioner's motion to vacate sentence under Section 2255. In the alternative, this Court is urged to remand the matter to the Magistrate Judge to make further findings.

DATED: this 8th day of Janaury, 2007.

Respectfully submitted,

Sergio Ortiz A
Sergio Ortiz Alcantara
Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2008, the foregoing Objections to Magistrate's Report and recommendation on Motion to Vacate, Set Aside, or Correct Sentence was served upon the Government by depositing a copy of it in the U.S. Mail, first class postage prepaid, in the internal mail system located at Taft Institution and addressed to:

Todd A. Brown
Assistant U.S. Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197


By: _____
Sergio Ortiz Alcantara
Petitioner

P.O. BOX 7001/A3A
TAFT, CALIFORNIA 93268



CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
POST OFFICE BOX 711
MONTGOMERY, ALABAMA  36101-0711