Sergio Ortiz Alcantar
Reg. 11302-002
P.O. Box 7001/A3A
Taft, California 93268

RECEIVED

2008 MAR 17 A 8: 58

DEBRA P. HACKETT, CL...
U.S. DISTRICT COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SERGIO ORTIZ ALCANTAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:06cv245-WHA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**PETITIONER'S NOTICE OF APPEAL AND REQUEST FOR
ISSUANCE OF CERTIFICATE OF APPEALABILITY**

COMES NOW the Petitioner, Sergio Ortiz Alcantar, in pro se, in the above-referenced matter, and hereby respectfully gives notice of appeal to the United States Court of Appeals for the Eleventh Circuit. for the denial of his Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in order entered on January 22, 2008.

Furthermore, in order for the petitioner to appeal said order to the United States Court of Appeals for the Eleventh Circuit, the petitioner respectfully requests that this Court issue a certificate of appealability, pursuant to 28 U.S.C. § 2253, and Rule 22(b) of the Federal Rules of Appellate Procedure.

Petitioner maintains that he is entitled to redress on appeal on the following grounds, which substantially show that he was denied his constitutional rights:

1. Petitioner was denied effective assistance of counsel because his trial counsel failed to conduct reasonable investigation of Gelacio Maturano-Rodriguez and to call Maturano-Rodriguez as defense witness during trial. By analogy, defense counsel's theory of the case—that petitioner was misidentified by the government witness Sidney Bradley, [Counsel's Affidavit at 1], would have been aided rather than impeded by the introduction of Maturano-Rodriguez' testimony undermining the veracity of the government's witness. Bringing Maturano-Rodriguez testimony to the jury's attention would not introduce any inconsistency into the defense theory of the case, particularly so since defense counsel suggested that petitioner was not at the drug prior transactions at all as testified by Bradley.

By the same account, the witness was willing to testify for the defense—the evidence supports the conclusion that this particular witness [Maturano-Rodriguez] was willing to testify at petitioner's trial. In here, counsel's decision not to call exculpatory witness eyewitness [Maturano-Rodriguez] in petitioner's defense—if it was a decision at all—was necessarily one made after an incomplete investigation, for Mr. Bruner never spoke with Maturano-Rodriguez to find out what he had to say. Given the circumstances confronting counsel, it was not reasonable to him to believe that it was unnecessary to identify and interview potentially exculpatory available witness to the event underlying the charges against petitioner. See **Satterfiled v. Johnson**, 322 F.Supp.2d 613, 623 (E.D. Pa. 2004)(The failure to interview Eric Freeman and Grady Freeman and call them as witnesses at trial fell belo an objective standard of reasonableness).

Furthermore, eyewitness [Bradley] testimony was linchpin of the government's case in chief against petitioner. There was no physical evidence tying petitioner to the network mehtamphetamine conspiracy. The only evidence implicating petitioner to the prior transactions—beyond petitioner's presence at the motel room

2

in October 2003—came from the one prosecution witness (Bradley testified for a reduction of his sentence). who identified petitioner as a supplier with Lara in two prior occasions. Under these circumstances, the first and most obvious line of attack on the prosecution's case was to emphasize the vulnerabilities in the identification testimony; and this Mr. Bruner did with vigor without any evidence to support it.

But whatever the weaknesses in the Government's case that Mr. Bruner succeeded in exposing in this fashion, his defense of petitioner did not elicit any testimony nor evidence that petitioner was **not** among the group of individuals who had sold drugs to Bradley. The omission of such exculpatory evidence cannot be discounted. Opposing testimony from other Bradley's co-defendant to the conspiracy, positing that petitioner was not a participant, would have given the jury a qualitatively different and more powerful reason to believe that the Government's witness was mistaken—if not lying, in his identification of petitioner. For that very reason, the Fifth Circuit has recognized that "[t]he failure to interview eyewitnesses to a crime may strongly support a claim of ineffective assistance of counsel." **Bryant v. Scott**, 28 F.3d 1411, 1415 (5th Cir. 1994)(citing **Gray v. Lucas**, 677 F.2d 1086, 1093 n. 5 (5th Cir. 1982).

As a result, counsel's performance in failing to interview and call an available witness to testify at petitioner's trial fell below an objective standard of reasonableness and petitioner has met his burden under the first prong of **Strickland**. The failure to interview Maturanu-Rodriguez and call him as a witness at trial fell below an objective standard of reasonableness; witness existed, was available to testify, counsel knew witness existed, and witness was willing to testify for the defense.

To cinch matters, petitioner was prejudiced by counsel's deficient performance. Maturano-Rodriguez had provided a sworn affidavit stated that "it

was him and not petitioner who sold drugs to Bradley in two prior occasions and that petitioner has not any involvement with the conspiracy as alleged by the government." As described above, the proffered statements in Maturano-Rodriguez' affidavit was consistent and corroborated even with Bradley's testimony during trial. Further, Maturano-Rodriguez' testimony would have supported counsel's theory that petitioner did not commit the crime as charged by the government.

For all of these reasons and evidence presented during petitioner's § 2255 habeas petition, petitioner was prejudiced by his attorney's failure to look for and interview exculpatory of an available witness. A diligent attorney would have made the effort to locate such witness and, upon learning what he had to say, surely would have put him on the witness stand to testify on petitioner behalf at trial. Although we cannot say with confidence that it is more likely than not that petitioner would have been acquitted had such witness been presented, his chances of acquittal would have been better than negligible. The Government's case, although more than sufficient to convict petitioner, was not so overwhelming that the outcome of the trial was a foregone conclusion. See **U.S. ex rel. Hampton v. Leibach**, 347 F.3d 219, 255 (7th Cir. 2003).

2. Petitioner was denied effective assistance of counsel because his trial counsel failed to adequately inform petitioner of all possible plea options. More specifically, petitioner submits that his claim is that trial counsel failed adequately to inform him regarding the law applicable to the case upon pleaded guilty "straight up" in light of the facts known at the time, including the conspiracy law, and that counsel's failure to advise him of the applicable rules of meant that his decision to enter into an open plea accepting responsibility of both counts of the indictment was not adequately informed. See **United States v. Hernandez**, 450 F.Supp.2d 950, 975-76 (N.D. Iowa 2006)(counsel is "deficient" for purposes of

an "ineffective assistance" claim if counsel does not adequately advised the defendant of the law applicable to his circumstances, including plea and trial alternatives).

Petitioner submits that providing only with "generalities" as proffered by counsel in his affidavit provided to the government does not approach the level of sophistication that could reasonably be expected of counsel in applying the United States Sentencing Guidelines to the circumstances of a particular defendant. **Hernandez,** 450 F.Supp.2d at 976 (the failure to an attorney to inform his client of the relevant law clearly satisfied the first prong of **Strickland** analysis ... as such an omission cannot be said to fall within 'the wide range of professionally competent assistance demanded by the Sixth Amendment.' ")(quoting **Hill,** 474 U.S. at 62)).

Moreover, the fact that petitioner has never once admitted he was guilty to counsel, [Mr. Bruner Affidavit, Doc. No. "5-8/Government Exhibit G at 2], is irrelevant, where petitioner was not properly advised of the consequences of going to trial versus pleading guilty. **Hernandez,** 450 F.Supp.2d at 976. Thus, counsel's performance in petitioner's case was "deficient," and petitioner has satisfied the first prong of the "ineffective assistance" analysis. First, it is simple matter to conclude that petitioner has shown that he would have received a "lesser sentence" if properly advised and if he had chosen to plead guilty instead of choosing to go to trial. Id. (to prove "prejudice," the defendant must prove, inter alia, that he would have received a lesser sentence).

Indeed, at a minimum petitioner would have received a reduction for "acceptance of responsibility." Also, he may be argued during sentencing that a minor role adjustment should be applied to his case as he was merely acompanying Maturano-Rodriguez as stated in his declaration. Thus, the potential reduction of his offense level from 34 to 29 on these adjustments would have

resulted in a Sentencing Guidelines range for criminal history category I, under the Guidelines in effect at the time, of 87-108 months of imprisonment, which is considerable less than the 188 months of imprisonment actually imposed. Id. at 966.

Henceforth, had petitioner been properly advised for the possible potential downward departure if he have entered into an open plea ("straight up"), he "probably" would have accepted that option, because such five level potential reduction over the 188-month sentence he was otherwise expecting based on drug quantity would have been his best option to resolve his criminal case and entitled him to a more favorable sentence. See **United States v. Booth,** 432 F.3d 542, 549 (3rd Cir. 2005)(citation omitted). Thus, petitioner has proved both "deficient performance" and "prejudice" on this claim of ineffective assistance of counsel as well, and petitioner is entitled to releief on this claim.

3. Petitioner was denied effective assistance of counsel because his trial counsel at sentencing failure to investigate and pursue a minor role adjustment fell below the objective standard of reasonableness and satisfies the first prong of petitioner's ineffective assistance of counsel claim. See e.g., **United States v. Franks,** 230 F.3d 811, 814 (5th Cir. 2000)(finding failure to dispute a sentencing enhancement under the guidelines to be unreasonable). Bearing these facts in mind, it was reasonable for a diligent competent attorney to attempt, in first instance, to investigate the entire matter of the Maturano-Rodriguez willingness to testify on petitioner's behalf in the hopes to obtaining truthful testimony as was bargained with the government without fear of repercussion from the government as stipulated in his plea agreement.

Thus, counsel's failure to investigate, prepare, and present mitigating evidence at sentencing—even with anticipate knowledge—not only demonstrated deficient performance but also clearly caused prejudice, denying petitioner, to

have a shortened sentence. See **United States v. Harfst**, 168 F.3d 398, 404 (10th Cir. 1999). There was enough evidence to show that petitioner was mere a courier in Lara's large enterprise [Gov't. Br. at 10], and if counsel made a proper argument to trial court during sentencing it may have granted a departure and shortened petitioner's sentence. See id. at 404.

As a result, counsel's unprofessional performance denied the district court the opportunity to focus in the particular circumstances of petitioner's case. It is possible that petitioner would have received a lesser sentence had his counsel performed competently. Counsel's complete failure to investigate prospective witness—Maturano-Rodriguez—to present any argument or evidence that might have persuaded the judge to temper the severity of his client's sentence is sufficient to undermine the confidence of the outcome. **Strickland**, 466 U.S. at 687-88; **Harfst**, 168 F.3d at 404. As such, this issue is debatable among jurists of reason.

4. Petitioner was denied effective assistance of counsel during sentencing when he failed to investigate and use Maturano-Rodriguez as defense witness at sentencing. At the time of sentencing, Maturano-Rodriguez was available but counsel not even intended to interview him to be called as a defense witness. Counsel could not have evaluated or weighted the risks and benefits of calling Maturano-Rodriguez as a defense witness without so much as asking Maturano-Rodriguez what he would have said if called it. Without having any contact with Maturano-Rodriguez, counsel was ill equipped to assess [his] credibility or persuasiveness as a witness," or to evaluate and weigh the risks and benefits of putting him on the stand. **Bryant v. Scott**, 28 F.3d 1411, 1419 (5th Cir. 1994)(citing **Henderson v. Sargent**, 926 F.2d 706, 711 (8th Cir. 1991); **Wiggins**, 539 U.S. at 527-28.

Indeed, it was objectively unreasonable for counsel to make a decision not to interview a potential witness without first investigating Maturano-Rodriguez, or at

least making a reasoned professional judgment that such investigation was unnecessary. See id. ("although factors tending to diminish [the witness] credibility might support a strategic decision not to call [him] at trial, those considerations do not suggest that [counsel's] failure to investigate [his] testimony was a strategic decision.")' id. at 527-28.

With regard of **Strickland**'s prehudice prong, the record contains ample evidence indicating that but counsel's ineffectiveness, there is a reasonable probability that petitioner's sentence would have been lesser. Maturano-Rodriguez has consistently maintained to the police and to other—including the prosecutor, that petitioner was not involved in the previous transactions as testified by Bradley [willingness prong to testify on petitioner behalf], that the amount of drugs that he transported on October 17, 2003, were less as testified by Detective Edwards at sentencing, and that he [Maturano-Rodriguez] had been willing to testify to that effect at petitioner's trial and sentencing. [See generally Maturano-Rodriguez' Affidavit]

Had counsel investigated and interviewed Maturano-Rodriguez, he would have discovered as much and probably would have put him on the stand as defense witness. In short, there is a reasonable probability that had the judge at sentencing heard Maturano-Rodriguez's testimony, he would have reduced petitioner's sentence. However, petitioner's counsel did not even intend to contact Maturano-Rodriguez as petitioner clearly stated to do so before trial and sentencing. Failure to do so substantially prejudiced petitioner because no witness was called during petitioner's criminal proceedings.

8

## II.

## PETITIONER'S ENTITLEMENT TO A COA

Under the foregoing standards and under the facts and circumstances of this case, petitioner is entitled to issuance of a COA.

As discussed in petitioner's objections to the magistratte judge, petitioner has presented an issue concerning the denial of his constitutional rights in this case as to which "jurists of reason would find it debatable whether [petitioner's] petition states ... valid claim[s] of the denial of ... constitutional right[s] and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." **Slack v. McDaniel**, 529 U.S. 473, 484 (2000)(quoting **Barefoot v. Estelle**, 463 U.S. 880, 893 n. 4 (1983)); **Miller-El v. Cockrell**, 539 U.S. 322, 327 (2003)(quoting 28 U.S.C. § 2253(c)(2)).

## CONCLUSION

Based upon the foregoing, petitioner respectfully requests this Court to issue a COA with respect to the issues identified by petitioner herein.

DATED: this March 11, 2008, at Taft, California.

Respectfully submitted,

*Sergio Ortiz*
Sergio Ortiz Alcantar
Petitioner

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2008, the foregoing Petitioner's Notice of Appeal and Request for Issuance of Appealability was served upon the Government by depositing a copy of it in the U.S. Mail, first class postage prepaid, deposited same in the internal mail box located at Taft Institution and addressed to:

Todd A. Brown
Assistant U.S. Atoorney
Post Office Box 197
Montgomery, Alabama 36101-0197

By: _____
Sergio Ortiz Alcantar
Petitioner



SERGIO ORTIZ ALCANTAR
REG. 11302-002
P.O. BOX 7001/A3A
TAFT, CALIFORNIA 93268

CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
ONE CHURCH STREET, B-110
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

LEGAL MAIL

TAFT CORRECTIONAL INSTITUTION
P.O. BOX 7000- TAFT, CA 93268
THE ENCLOSED MAIL WAS PROCESSED THROUGH SPECIAL MAILING
PROCEDURES FOR FORWARDING TO YOU. THE MAIL HAS NEITHER
BEEN OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION
OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU
MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION
OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE
FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE
ENCLOSURE TO THE ABOVE ADDRESS.